**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JANICE HENDERSON,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **21-cv-3309 PJM** |
| | * | |
| **JANJER ENTERPRISES, INC., *et al.*,** | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

## I. INTRODUCTION

Plaintiff Janice Henderson ("Henderson"), initially proceeding *pro se*, has sued her former employer Janjer Enterprises, Inc. ("Janjer") and Popeyes, along with individual Defendants the Court has since dismissed.[1] Although Henderson's Complaint contains no numbered counts, it appears to allege claims for discrimination, hostile work environment, and retaliation. Janjer has moved to dismiss the Complaint for failure to state a claim. ECF No. 5. Henderson has responded and Janjer has replied. For the following reasons, no hearing being necessary, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 5).

## II. BACKGROUND

Defendant Janjer is a Maryland-based restaurant franchisee that owns and operates numerous Popeyes restaurant locations in Maryland and Northern Virginia. ECF No. 5-1 at 1. Plaintiff Henderson is a Jamaican-born Black woman over the age of 40. ECF No. 8 at 3; ECF No. 5-2. On September 15, 2020, she began a training program for a new job at a Popeyes Restaurant

[1] Henderson's Complaint named the following parties as Defendants: Janjer, Kristin Lewis, Bill Chapman, Thi Lee, Alyssa Sherman, "Nimisha," "Andrew," and "Popeyes." *See* ECF No. 3.

in Springfield, Virginia, operated by Janjer. ECF No. 3 at 1, 4. According to Henderson, her employer never asked her to sign employment paperwork. *Id.* at 1. Henderson alleges that on September 16 and 17, her Training Manager, Thi Lee ("Lee"), was rude and hostile towards her in front of the other trainees. *Id.* Lee would "shout at [Henderson] as if [she] was her adolescent," and "make [her] the subject of her ridicule each day." *Id.* Lee also mocked Henderson's inability to do math and told her to learn to use a calculator. *Id.* at 1–2.

On September 20, 2020, Henderson contacted Alyssa Sherman ("Sherman"), the recruiter who had helped her find the Popeyes job, and "[made] a formal complaint" regarding the "pressure and harassment" she faced. *Id.* at 2. The recruiter forwarded Henderson's complaint to Kristin Lewis, the Director of Human Resources at Janjer. *Id.* at 2–3.

After she made her complaint, Henderson was "cut across [her] forehead with a box cutter" while on the job. *Id.* at 3.[2] Henderson alleges that after receiving treatment in the hospital and being discharged, she received a call from Bill Chapman, a Janjer Area Manager, requesting a picture of her head wound. *Id.* Henderson sent a photo of her injury, although she "felt as if that was an insult and harassment." *Id.* At some time after her injury, Henderson was "removed and relocated" to a Popeyes location in New Market, Virginia. *Id.* at 4. When she realized how "distant" the new location was from her home, she "immediately called and notified [her] supervisor that [she] could not travel that far." *Id.* Henderson alleges that her transfer was a "method . . . to terminate [her]" because of the complaint she made to Sherman regarding her training supervisor, Lee, and her on-the-job injury. *Id.*

On November 2, 2020, Henderson completed an Equal Employment Opportunity Commission ("EEOC") online intake questionnaire. ECF No. 32-1. On August 10, 2021, she filed

[2] Henderson has not alleged that Janjer was in any way responsible for this injury.

a Charge of Discrimination with the Virginia Office of Civil Rights. ECF No. 5-2. The Charge alleges that Henderson was discharged on September 23, 2020, and that Henderson "was discriminated against with respect to discharge based on my race (Black), color, age, national origin, disability, and in retaliation for engaging in a protected activity in violation of" Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"). *Id.* That same day, the EEOC issued a Right to Sue Letter. ECF No. 5-3.

On October 8, 2021, Henderson filed a *pro se* Complaint in the Circuit Court for Montgomery County. ECF No. 3; *see also* ECF No. 1 at 2. She alleged, among other things, that her training manager Lee was verbally abusive, she "was terminated unjustly because [she] sustained an injury on the job," and she "made complaints prior to [her termination] of harassment and intimidation." ECF No. 3 at 1, 4. She also filed suit in the Eastern District of Virginia. *See* ECF No. 8 at 1–2. On December 29, 2021, Defendants Janjer, Bill Chapman, and Kristin Lewis removed the Montgomery County case to this Court. ECF No. 1. On January 5, 2022, those Defendants filed a Motion to Dismiss with respect to the claims against them. ECF No. 5.

On January 12, 2022, Henderson filed a motion asking the Court to "decide the proper venue" for her claims in this case and in the Virginia case. *See* ECF No. 8 at 1. On January 27, 2022, the Court dismissed Defendants Lewis, Chapman, Lee, Sherman, Nimasha, Andrew, and Sherman from this matter, leaving only Defendants Janjer and Popeyes. ECF No. 11. On July 28, 2022, the parallel case filed in Virginia was transferred to this Court and eventually consolidated with the present case. *See* ECF No. 19.

On December 20, 2022, the Court appointed counsel to represent Henderson for the limited purpose of filing a Response in Opposition to the Motion to Dismiss. *See* ECF No. 26. On February

24, 2023, Henderson, through appointed counsel, filed a Response in Opposition. ECF No. 32. On March 17, 2023, Janjer filed a Reply in Support of its Motion to Dismiss. ECF No. 35.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," requiring only that a plaintiff submit a "short and plain statement of the claim showing that [she] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV. DISCUSSION

As stated above, Henderson's *pro se* Complaint does not contain numbered counts. Henderson's Opposition, however, argues that the Court should deny Janjer's Motion to Dismiss because Henderson has stated: (1) a retaliation claim in violation of Title VII; and (2) a retaliation claim based on workers' compensation in violation of Va. Code Ann. § 65.2-308. The Court therefore focuses its analysis on these two claims. The Court first addresses Janjer's arguments regarding administrative exhaustion and then analyzes whether Henderson has stated a claim for relief.

### A. Administrative Exhaustion

Janjer first argues that Henderson has not exhausted her administrative remedies with respect to her Title VII claims because (1) her EEOC charge is untimely, and (2) she did not name Defendant Janjer in the EEOC charge. The Court declines to dismiss the case on either of these grounds.

As to Janjer's assertion that Henderson failed to file a charge with the EEOC within the required timeframe, the Court finds that Henderson's subsequent EEOC charge relates back to her EEOC intake inquiry, which she filed well-within the required timeframe. Title VII requires that a plaintiff exhaust administrative remedies by filing a charge with the EEOC prior to filing suit, in this case, within 300 days. *See Tolliver v. Eleven Slade Apt. Corp.*, No. CCB-19-2478, 2020 WL 6450282, at *2 (D. Md. Nov. 2, 2020). Although Henderson did not file her EEOC charge until August 10, 2021, she initially completed an EEOC online intake questionnaire on November 2, 2020, less than two months after the events that are the subject of her Complaint. The EEOC intake questionnaire named Popeyes and generally described Henderson's claims of discrimination and retaliation. *See* ECF No. 32-1; *see also Dixon v. Shasta Bevs., Inc.*, No. WDQ-12-0569, 2012 WL 4774808, at *3–4 (D. Md. Oct. 5, 2012) (finding that an EEOC intake questionnaire may be considered a "charge" of discrimination for purposes of the limitations period under certain circumstances). The Court therefore finds that the EEOC intake questionnaire here, combined with the later sworn charge, is sufficient to satisfy the administrative exhaustion requirement. *See Dixon*, 2012 WL 4774808, at *3–4; *Alvarado v. Bd. of Trs.*, 848 F.2d 457, 460 (4th Cir. 1988).

Similarly, although Henderson did not name Janjer specifically in her EEOC Complaint, there seems to be a "sufficient identity of interests" between Janjer and Popeyes, the party Henderson did name. *See Membreno v. Atlanta Rest. Partners, LLC*, No. 8:19-cv-00369-PX, 2019 WL 3306020, at *5 (D. Md. July 23, 2019). Janjer has represented that it is "a Maryland based restaurant franchisee which operates numerous Popeye's restaurant locations in Maryland and Northern Virginia," ECF 5-1 at 1, it hired Henderson to work at a Popeyes restaurant, and her offer letter states that her employer was Janjer Enterprises d/b/a/ Popeye's Louisiana Kitchen. Finally, Janjer received notice of Henderson's EEOC charge. In the Court's view, that is sufficient for

Henderson to proceed with claims against Janjer. *See Membreno*, 2019 WL 3306020, at *5 (finding that under certain circumstances, a party not named in an EEOC charge may be sued for claims alleged in that charge). The Court therefore declines to dismiss Henderson's Title VII claims on jurisdictional grounds.

To the extent Henderson attempted to assert a claim for hostile work environment under Title VII, the ADA, or the ADEA, she failed to administratively exhaust any such claims. Henderson's EEOC charge does not contain factual allegations that support a claim for hostile work environment. *See* ECF No. 5-2. The Fourth Circuit has made clear "that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005).

**B. Whether Henderson Has Stated a Claim for Relief**

At this early stage, Henderson need only plead the essential elements of each of her claims, including sufficient factual bases to make them plausible. *See Twombly,* 550 U.S. at 555–56; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Certainly, the Court must construe all of Henderson's factual allegations in a light most favorable to her, as the non-moving party. *Harrison v. Westinghouse Savannah River co.*, 176 F.3d 776, 783 (4th Cir. 1999). And the Court is obligated to accord liberal construction to the pleadings of self-represented litigants such as Henderson. *Erickson*, 551 U.S. at 94. Nonetheless, the Court cannot ignore Henderson's failure to plead facts that satisfy the statutory requirements of her claims and that give the Defendant a sense of the allegations against which it must defend. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020) (noting that liberal construction of a *pro se* complaint does not mean "overlooking the pleading requirements of the Federal Rules of Civil Procedure").

As stated above, Henderson argues in her Opposition that the Court should not dismiss her Complaint because she adequately alleged retaliation claims in violation of Title VII and Va. Code Ann. § 65.2-308. *See* ECF No. 32 at 10–16. The elements of a *prima facie* case for retaliation under Title VII are "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010). In the retaliation context, an adverse action means conduct that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006) (internal quotation marks and citations omitted).

Here, Henderson's Opposition posits that the "formal complaint" Henderson made to the recruiter who placed her in the Popeyes job, Sherman, constitutes protected activity and that Janjer's decision to transfer Henderson after she complained to Sherman is an adverse action. *See* ECF No. 32 at 11–14. The Court disagrees. Henderson has not pled the essential elements of her Title VII claims.

First, Henderson has not alleged an adverse action. While a lateral transfer can under limited circumstances constitute an adverse employment action, *see Bickford v. Denmark Tech. Coll.*, 479 F. Supp. 2d 551, 557 (D.S.C. 2007) (citing *Boone v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999)), Henderson stated in her Complaint that on September 20, 2020, she "requested a transfer" because of the way her Training Manager was treating her. ECF No. 3 at 2. Less than a week later, Janjer informed Henderson that it was transferring her to a Popeyes in New Market. According to Henderson, when she realized how far the new location was from her home, she "notified the supervisor that [she] could not travel that far." *Id.* at 4. She did not return to work after that point.

Henderson has not alleged adverse action where she decided to stop working after Janjer granted a request that she herself made.

Moreover, Henderson has not adequately alleged that Janjer transferred her because of the complaints she made about Lee. Instead, the facts she alleged permit a reasonable inference that Janjer transferred Henderson in response to her request for a transfer. And further, Henderson has failed to show that she could have completed the management training program at any other location other than the New Market location. The Court will not assume nefarious intent under such circumstances.

Just as Henderson failed to plead retaliation in violation of Title VII, she failed to do so with regard to Va. Code Ann. § 65.2-308. Henderson argues in her Opposition that because Henderson filed her Complaint *pro se*, the Court should read-in to her Complaint a claim under Va. Code Ann. § 65.2-308 based on a reference in Henderson's later filings to Federal code 40.1-27.1. ECF No. 32 at 15–16; *see also* ECF No. 8-3 at 15. The Court declines to do so. While the Court may liberally construe the pleadings of a *pro se* party, "the Court may not act as an advocate and construct a pro se party's arguments for them." *Pro-Concepts, LLC v. Resh*, No. 2:12cv573, 2014 WL 549294, at *13 (E.D. Va. Feb. 11, 2014) (citing *Erickson*, 551 U.S. at 94)). In any event, Henderson failed to plead the essential elements of such a claim. § 65.2-308 states that: "No employer or person shall discharge an employee solely because the employee intends to file or has filed a [workers' compensation] claim under this title." Henderson has not alleged that Janjer discharged her. Nor has she alleged that Henderson ever filed or intended to file a workers' compensation claim during her employment with Janjer.

Insofar as Henderson is attempting to assert any workplace discrimination claims against Janjer, she again has not pled the elements of her claims or even key facts relevant to them. For

example, she fails to allege that the claimed discrimination occurred as a result of any protected-class status, or that she was treated differently from similarly situated employees outside of the protected class. *Coleman*, 626 F.3d at 190–91. In fact, the email from Sherman to Kristin Lewis Henderson attached to her Complaint indicates that her Training Manager, Lee, treated all the trainees at the Springfield location in a similar manner. *See* ECF No. 3 at 3.

To the extent Henderson sought to pursue ADEA or ADA claims, such claims are dismissed for the same reasons articulated above, and for the additional reason that Henderson failed to articulate facts that indicate that Janjer treated her differently based on either her age or a disability.

## CONCLUSION

Accordingly, the Court **ORDERS** that Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED.**

A separate Order will **ISSUE.**

December 19, 2023

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**